UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 1537 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| COOK COUNTY, Cook County Jail ) | |
| Correctional Officers D. WEYER, Star ) | |
| 17565, HUGHES, Star Unknown, ) | |
| SPIZZIRRI, Star Unknown, and THOMAS J ) | |
| DART, Cook County Sheriff, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Court denies Defendant Cook County's motion to dismiss [37]. The Court clarifies that Cook County is a nominal defendant in this action only for the purpose of indemnification. See Statement.

**STATEMENT**

On or about February 1, 2019, while detained at the Cook County Department of Corrections, Defendant Officers Weyer and Spizzirri allegedly groped Plaintiff Benjamin Williams' genitals and penetrated his rectum during a pat down. Williams filed his first amended complaint on June 1, 2021, against Defendants Cook County (the "County"), Thomas J. Dart, the Sheriff of Cook County, and Officers Weyer, Spizzirri, and Hughes. Williams asserts four claims: (1) excessive force against Weyer and Spizzirri; (2) failure to protect against Weyer, Spizzirri, and Hughes; (3) a *Monell* claim against Dart only; and (4) indemnification by the County for the tortious actions of the other Defendants done in the scope of their employment under 745 Ill. Comp. Stat. 10/9-102. The County now brings a motion to dismiss for failure to state a claim under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

      Here, the County argues that, because it has no control over Dart and the officers, Williams cannot pursue a *respondeat superior* claim against the County. *See Bertha v. Hain*, 787 F. App'x 334, 339 (7th Cir. 2019) ("The County is not responsible for policies set by the Sheriff's Office and carried out by its deputies because in Illinois a sheriff is an independently elected county officer, not an employee of the county that he or she serves, and the deputies are employees of the Sheriff's Office."). Although the first amended complaint incorrectly alleges that the County employs Weyer, Hughes, and Spizzirri, Williams does not seek to impose *respondeat superior* liability on the County for their actions. Instead, as he clarifies in his response, he only pursues an indemnification claim against the County under 745 Ill. Comp. Stat. 10/9-102. Indeed, the County concedes that it has such an indemnification obligation, and so the Court will not dismiss the County at this time. The Court nonetheless finds that the County is a nominal defendant solely for the purpose of indemnification and thus has no further discovery obligations. Should Williams determine that he has discovery to pursue against the County, he can petition the Court for relief.

Date: February 8, 2022                                                           /s/ Sara L. Ellis